# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARC A. EARLEY, | ) |
| Plaintiff, | ) Case No. 2:15-cv-01263-LDG-GWF |
| vs. | ) **ORDER AND REPORT AND RECOMMENDATION** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | ) Plaintiff's Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint (#1-1) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#1), filed on July 2, 2015.

## BACKGROUND

In Count I, Plaintiff alleges that his Fourth Amendment right was violated by Detectives, Jeffrey Abell ("Abell") and L. Turner ("Turner") of the Las Vegas Metropolitan Police Department ("LVMPD"). Specifically, Plaintiff asserts that on January 23, 2015, Detectives Abell and Turner lied about the reason they wanted to search the home Plaintiff was residing in and threatened Plaintiff's family members in order to gain consent to search the residence. Plaintiff claims that any evidence obtained from this search is "fruit of the poisonous tree" and was unlawfully used by the Detectives and District Attorney, J. Timothy Fattig ("Fattig"), to gain an indictment.

In Count II, Plaintiff claims that his Fifth Amendment right was violated by Defendant Fattig because Fattig allegedly knew that consent was not voluntarily given to conduct the search and seizure at issue. Plaintiff asserts that despite this knowledge, Fattig conspired with Defendants Abell and Turner and used the illegally obtained evidence to unlawfully charge and detain Plaintiff.

. . .

In Count III, Plaintiff claims that his Fourteenth Amendment right was violated by Defendant Fattig. Plaintiff asserts that Fattig's use of his criminal history along with the allegedly illegally obtained evidence to charge and detain him was prejudicial. These actions resulted in Plaintiff's bond being increased and a waiver of Plaintiff's preliminary hearing. Plaintiff maintains that these actions were unlawful and his resulting detainment is correspondingly unlawful. Therefore, Plaintiff is requesting compensatory and punitive damages.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to

state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.   The Instant Complaint

#### A.   Municipal Entity Liability Under § 1983 - *Monell* Claim

Section 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff can bring a § 1983 action against a local government entity if the plaintiff can show that the entity had an established policy or custom that caused employees who implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436 U.S. at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However, absent such a policy or custom, a local

government entity cannot be held liable solely because one of its employees commits an unlawful wrong against another. *Id.* at 691. Here, Plaintiff asserts that LVMPD failed to properly monitor its officers, and therefore failed to prevent its officers from misusing their authority. However, Plaintiff does not demonstrate what policy or custom LVMPD implemented which was the driving force behind the officers alleged violations of Plaintiff's constitutional rights. Therefore, the Court will dismiss the § 1983 claim against LVMPD without prejudice, and will give Plaintiff leave to amend his complaint to state sufficient facts to state a claim, if he is able to do so.

      B.      **Municipal Employee Liability Under § 1983 -** ***Monell*** **Claim**

To succeed on a *Monell* official-capacity action against a municipality's employee (*e.g.*, a police officer), a plaintiff must demonstrate that a policy or custom of an entity contributed to the violation of federal law. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). In order for a plaintiff to establish personal liability in a 1983 action, it is enough to show that the municipal employee, acting under color of state law, caused the constitutional violation. *Id.*; *see, e.g., Monroe v. Pape,* 365 U.S. 167 (1961). Here, Plaintiff alleges in Count I that Detectives Abell and Turner violated his Fourth Amendment right against unreasonable searches and seizures when they conducted an allegedly unlawful search and seizure of the home Plaintiff was residing in. The Court finds that Plaintiff's claim in Count I against Defendants Abell and Turner, in their individual capacity, do allege that his Fourth Amendment right was violated. However, the Court again finds that Plaintiff failed to demonstrate what policy or custom contributed to the violation of his constitutional right under the Fourth Amendment. Thus, the Court will dismiss the § 1983 claim against Defendants Abell and Turner, in their official capacity, without prejudice, and will give Plaintiff leave to amend his complaint to state sufficient facts to state a claim, if he is able to do so.

      C.      **Clark County District Attorney Liability Under § 1983**

State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from a section 1983 civil suit for damages related to the presentation of a criminal prosecution); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding

4

prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case). Here, Plaintiff's allegations relate to prosecutorial functions intimately associated with the judicial phase of the criminal process. As a result, the Court will recommend that Defendant Clark County District Attorney, J. Timothy Fattig, be dismissed with prejudice on grounds of prosecutorial immunity. The Court also recommends that Counts II and III be dismissed with prejudice as they allege violations due to Fattig's prosecution of Plaintiff's case.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #7016050), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate

Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Count I Plaintiff's Complaint, alleging Fourth Amendment violations by Defendant Jeffrey Abell and J. Turner, in their individual capacity, may proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants Jeffrey Abell and L. Turner named in the complaint and deliver the summons to the U.S. Marshal for service.  The Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada  89101.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant, District Attorney J. Timothy Fattig, be dismissed with prejudice.  Accordingly, Plaintiff's Fifth and Fourteenth Amendment claims against Mr. Fattig pursuant to 42 U.S.C. § 1983 should also be dismissed with prejudice due to Plaintiff's failure to state a claim for which relief can be granted.  As a state prosecutor, Mr. Fattig is

entitled to absolute prosecutorial immunity for acts taken in his official capacity and any claims against him cannot proceed.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of January, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge